IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PJC LOGISTICS, LLC,<br><br>               Plaintiff<br><br>v.<br><br>ADVANTECH CORP., ASSETWORKS, INC., BRICK HOUSE ELECTRONICS, LLC, d/b/a BRICK HOUSE SECURITY, CHAPMAN COMMAND CENTER, INC., d/b/a C3 LOCATION SYSTEMS, DIGITAL COMMUNICATIONS TECHNOLOGIES, LLC, ENFORA, INC., FEENEY WIRELESS, LLC, GENX MOBILE, INC., GLOBAL RESOURCE GROUP, INC., GSS CORPORATION d/b/a SPECTRUM GPS TRACKING, RADIO SATELLITE INTEGRATORS, INC., MOTOROLA SOLUTIONS, INC., and WEBTECH WIRELESS USA, INC.<br><br>               Defendants. | Civil Action No. 3:11-cv-1125<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff PJC Logistics LLC ("PJC Logistics" or "Plaintiff"), by way of Complaint against defendants Advantech Corp., AssetWorks, Inc., Brick House Electronics, LLC d/b/a Brick House Security, Chapman Command Center, Inc., d/b/a C3 Location Systems, Digital Communications Technologies, LLC, Enfora Inc., Feeney Wireless, LLC, GenX Mobile, Inc., Global Resource Group, Inc., GSS Corporation d/b/a Spectrum GPS Tracking, Radio Satellite Integrators, Inc., Motorola Solutions, Inc. and WebTech Wireless USA, Inc. (collectively "defendants"), hereby alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

## THE PARTIES

2. Plaintiff PJC Logistics is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

3. Defendant Advantech Corporation is a corporation organized under the laws of California with its principal place of business at 380 Fairview Way, Milpitas, California 95035, and may be served with process at that same address.

4. Defendant AssetWorks, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 998 Old Eagle School Road, Suite 1215, Wayne, Pennsylvania 19087, and a registered agent for service of process at The Corporation Company, 124 W Capitol Avenue, Suite 1900, Little Rock, AR 72201.

5. Defendant Brick House Electronics, LLC, d/b/a Brick House Security, is a company organized under the laws of Indiana with its principal place of business at 980 Avenue of the Americas, 3rd Floor, New York, New York 10018, and a registered agent for service of process at Bill Mancuso, 5304 West 74th Street, Indianapolis, Indiana 46268.

6. Defendant Chapman Command Center, Inc., d/b/a C3 Location Systems, is a corporation organized under the laws of Florida with its principal place of business at 941 Clint Moore Road Boca Raton, Florida 33487, and a registered agent for service of process and may be served with process at that same address.

7. Defendant Digital Communications Technologies, LLC is a business organized under the laws of Delaware with its principal place of business at 5835 Blue Lagoon Dr. #202 Miami, Florida 33126, and it may be served with process at that same address.

8. Defendant Enfora, Inc. is a business organized under the laws of Delaware with its principal place of business at 251 Renner Pkwy, Richardson, Texas 75080 and a registered agent for service of process at Mark Weinzierl, 661 18th Street, Plano, Texas 75074.

9. Defendant Feeney Wireless, LLC is a business organized under the laws of Oregon with its principal place of business at 4085 West 11th Ave, Unit 3, Eugene, Oregon 97402, and a registered agent for service of process at Business Filings Incorporated, 701 Brazos Street, Suite 720, Austin, Texas 78701.

10. GenX Mobile, Inc. is a company organized under the laws of Delaware with its principal place of business at 2030 Fortune Drive, #100 San Jose, California 95131, and it may be served with process at that same address.

11. Defendant Global Resource Group, Inc. is a company organized under the laws of Georgia with its principal place of business at 3525 Hwy 138 SW Stockbridge Georgia 30281, and it may be served with process at that same address.

12. Defendant GSS Corporation, d/b/a Spectrum GPS Tracking is a corporation organized under the laws of Arizona with its principal place of business at 633 E. Ray Road, Suite 135, Gilbert, Arizona 85296, and a registered agent for service of process at Gerald Sajor, 3760 East Jaguar Avenue, Gilbert, Arizona 85298.

13. Defendant Radio Satellite Integrators, Inc. is a company organized under the laws of Florida with its principal place of business at 19144 Van Ness Avenue Torrance, California

90501, and a registered agent for service of process at Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

14. Defendant Motorola Solutions, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1303 East Algonquin Road Schaumburg, Illinois 60196, and a registered agent for service of process at CT Corporation System, 800 S. Say Street, Suite 2021, Knoxville, Tennessee 37929.

15. Defendant WebTech Wireless USA, Inc. is a corporation organized under the laws of Nevada with its principal place of business at 1685 H Street, Suite 1195, Blaine, Washington 98230, and a registered agent for service of process at Richard W. Harris, 6121 Lakeside Drive, Suite 260, Reno, Nevada 89511.

## JURISDICTION AND VENUE

16. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

17 Defendants have knowingly and intentionally engaged in the manufacture, use, distribution, sale and offer for sale and/or import of fleet management and tracking systems and/or services that infringe the patent in suit, as is alleged below. Defendants use, and/or direct, induce or instruct its agents, employees, customers, or contracting entities to use electronic position-based fleet management and tracking systems and services that infringe the patent in suit, as is alleged below. On information and belief, defendants conduct business in this Judicial District and have committed acts of patent infringement in this Judicial District including, inter

alia, importing, making, using, offering for sale, and/or selling infringing electronic position-based fleet management and tracking systems and/or services in this Judicial District.

18. On information and belief, defendants have knowingly and actively contributed to infringement and/or have induced others to commit such acts of infringement in this Judicial District.

19. On information and belief, defendants have ongoing and systematic contacts with this Judicial District and the United States. Defendants have purposefully placed electronic position-based fleet management and tracking systems infringing the patent-in-suit in the stream of commerce, knowing and expecting that such products would be used in trucks, vans or other vehicles that operate in the State of Texas, including in this Judicial District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

20. PJC Logistics repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

21. On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as the "'844 Patent"), entitled VEHICLE TRACKING AND SECURITY SYSTEM, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

22. PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

23. Without license or authorization, defendants are and have been knowingly and intentionally directly and indirectly infringing the '844 Patent, and contributing to and actively inducing the infringement of said patent by others in the United States, by making, using, selling,

offering for sale and/or importing in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U.S.C. §§ 271(a), (b), and (c).

24. With the exceptions of Advantech Corp., Brick House Electronics, LLC d/b/a Brick House Security, Enfora, Inc., Feeney Wireless, LLC, GSS Corporation d/b/a Spectrum GPS Tracking and WebTech Wireless USA, Inc., defendants have had knowledge of and/or been aware of the '844 Patent since at least May 4, 2011 when, in a letter sent via certified mail, PJC Logistics informed defendants of their infringement of the '844 Patent and requested that defendants license the '844 Patent in order to mitigate their continued infringement. Defendants Enfora, Inc. and WebTech Wireless USA, Inc. have had knowledge of and/or been aware of the '844 Patent since at least May 18, 2011 when, in a letter sent via certified mail, PJC Logistics informed those defendants of their infringement of the '844 Patent and requested that they license the '844 Patent in order to mitigate their continued infringement.

25. On information and belief, defendants' infringement of the '844 patent has been and continues to be willful and deliberate.

26. PJC Logistics has been damaged by defendants' infringing activities.

### JURY DEMAND

27. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PJC Logistics demands a trial by jury on all issues triable as such.

### PRAYER FOR RELIEF

WHEREFORE, PJC Logistics respectfully demands judgment for itself and against defendants as follows:

a. That this Court adjudge that defendants have infringed the '844 Patent;

b. That this Court ascertain and award PJC Logistics damages sufficient to compensate it for the above infringement, and that the damages so ascertained be awarded to PJC Logistics with interest;

c. Trebling of damages in view of the willful and deliberate nature of defendants' infringement of the patents at issue in this litigation;

d. That this Court find this case to be exceptional and award PJC Logistics its attorneys' fees, costs, and expenses in this action;

e. That this Court order an accounting of all infringing sales including, but not limited to, those sales not presented at trial, and award PJC Logistics damages for any such sales; and

f. That this Court award PJC Logistics such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 27, 2011

By: _R. Mark Dietz_ w/ permission
R. Mark Dietz
Tex. Bar No. 05857200
Dietz & Jarrard, P.C.
106 Fannin Avenue East
Round Rock, TX 78664
(512) 244-9314
rmdietz@lawdietz.com
*Attorneys for Plaintiff PJC Logistics LLC*

7